**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Joshua A. Madsen, | : | Case No. 1:08 CV 0202 |
| Petitioner, | : | |
| v. | : | |
| Gerald T. McFaul, Sheriff, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendant. | : | |

This matter is before the undersigned Magistrate pursuant to Local Rule 72.2(b)(2). The Petition for a Writ of Habeas Corpus was filed pursuant to 28 U.S.C. § 2254 (Docket No. 1). Respondent filed an Answer (Docket No. 8), and Petitioner filed a Traverse to Return of Writ (Docket No. 9). For the following reasons, the Magistrate recommends that the Court grant the Writ.

**FACTUAL BACKGROUND**

An extensive recitation of the underlying facts presumed to be correct is set forth in *Madsen v. Hudson*, Case No. 1:06 CV 00968. The synopsis of those facts is as follows:

Petitioner met Tonya Carroll in August 2001, and they saw each other romantically on and off until July 2002. Apparently, the parties "broke up" and on August 3, 2001, Tonya Carroll hosted a "freedom party" and invited Petitioner's friends. On August 5, Petitioner gained admittance into Tonya Carroll's home. Once inside, an intoxicated Petitioner confronted Tonya Carroll about the party and forced her upstairs into her bedroom where he choked, pushed and punched her while questioning whether she had been seeing someone else. Petitioner refused to let Tonya leave the bedroom, then forced her onto the bed and told her to remove her clothes. Petitioner raped Tonya despite her protests. After the rape, Petitioner forced the victim to call everyone who had been at the "freedom" party to apologize for any derogatory comments she might have made about him. Petitioner left Tonya's residence and returned later in a further intoxicated state. Petitioner raped Tonya and then commanded that she perform oral sex on him. She complied and Petitioner left the victim's home around 3:00 a.m., when his

brother arrived.

Tonya did not report the rapes or beatings on August 5.  She did, however, seek medical attention on August 9 at the Miles-Broadway Health Center.  Tonya Carroll performed as an exotic dancer at a friend's bachelor party on August 17, 2002.  On August 18, 2002, Petitioner returned to the victim's home upset because he had learned of Petitioner's activities on August 17.  He pushed his way into the victim's home and ordered Tonya to get him a screwdriver.  He pushed the screwdriver into the victim's back threatening to stab her and taking the money that she had earned as an exotic dancer.  He proceeded outside and entered a vehicle owned by Nicole Sanders, one of the victim's friends.  Petitioner believed that Sanders had damaged his truck.  While in Sanders' vehicle, Petitioner destroyed the interior using the screwdriver.  He then left Tonya Carroll's home.

Sanders and the victim went to the police station to file a report as a result of the damage to Sanders' vehicle.  At this point, the victim felt she had to notify the authorities of the rapes because she feared her life was in danger.  At the police station, she made a report detailing the events occurring on both August 5 and August 18, 2002.

*State of Ohio v. Joshua A. Madsen,* 2003 WL 22457002, *1 (Ohio App. 8 Dist., 2003)

## PROCEDURAL BACKGROUND

On August 29, 2002, a Cuyahoga County Grand Jury returned an eleven-count indictment as a result of the acts which occurred on August 5 and August 18, 2002, charging Petitioner with eight counts of rape, in violation of OHIO REV. CODE § 2907.02, one count of kidnaping, in violation of OHIO REV. CODE § 2905.01, one count of domestic violence, in violation of OHIO REV. CODE § 2919.25 and one count of aggravated robbery, in violation of OHIO REV. CODE § 2911.01.  At the close of the state's case, the trial court dismissed the domestic violence charge.  On December 9, 2002, the jury found Petitioner guilty of rape on counts one through six, not guilty of rape on counts seven and eight.  The jury returned a verdict of guilty on the charge of kidnaping and a verdict of not guilty as to the charge of aggravated robbery.  On January 2, 2003, Petitioner was sentenced to three years in prison for each count of rape and three years for kidnaping.  The sentences for each count of rape were ordered to run consecutively with each other and concurrently with the three year term for kidnaping.  Petitioner was sentenced to an aggregate term of 18 years in prison.

The Court of Appeals for the Eighth Appellate District affirmed the trial court's decision and the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner's application to reopen the case was denied by the Court

of Appeals and the Supreme Court of Ohio dismissed the appeal as not involving any substantial question. The trial court denied the motion to set aside or vacate the judgment of conviction and the Court of Appeals affirmed the denial. The Supreme Court of Ohio denied leave to appeal and dismissed the appeal.

Petitioner filed a writ of habeas corpus in this Court. An evidentiary hearing was conducted at which Petitioner was permitted to address the merits of his claim of actual innocence and the ineffectiveness of his legal counsel. United States District Court Judge Jack Zouhary adopted the magistrate's report and recommendation which granted the State of Ohio 120 days to either retry Petitioner or release him from custody. The Attorney General did not appeal this ruling to the Sixth Circuit Court of Appeals.

Petitioner alleges that upon his return to state court, he filed (1) a motion to be returned to Mansfield Correctional Institution, (2) a request for bond and (3) a motion to dismiss the rape and kidnaping counts. Although the trial court merged the rape counts and kidnaping count, the trial court granted Petitioner's motion to dismiss the rape counts but denied the motion as to the kidnaping count. On December 14, 2007, the trial court stayed the proceedings to permit resolution of whether Petitioner could be re-tried on the kidnaping count. Petitioner was able to post bond and has been released pending disposition of his request for habeas relief.

## JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th 2002) (*citing* 28 U.S.C. § 2254 (2000)). It is a statutory requirement that a habeas

corpus petitioner be "in custody" at the time the petition is filed. 28 U.S.C. § 2254(a) (2000). One who has been released on bail while awaiting trial is in "custody" for purposes of statute permitting issuance of writ of habeas corpus. *Delk v. Atkinson,* 665 F. 2d 90, 93-94 (6th Cir. 1981) (*citing* 28 U.S.C. § 2241(c)(3)) (*citing Hensley v. Municipal Court*, 93 S. Ct. 1571 (1973); *Russo v. Superior Court*, 483 F.2d 7 (3rd Cir. 1973), *cert. denied*, 94 S. Ct. 447 (1973)).

To the extent that petitioner asserts a violation of state law, such claim is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a) (Thomson Reuters/West 2008). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 104 S. Ct. 871, 874 (1984). On habeas review, errors of state law or procedures are only reviewable if they deprived the petitioner of constitutional due process. *Poindexter v. Mitchell*, 454 F. 3d 564, 586 (6th Cir. 2006) *cert. denied*, 121 S. Ct. 2577 (2001) (*citing Gall v. Parker*, 231 F. 3d 265, 321 (6th Cir. 2000); *see also Roe v. Baker*, 316 F. 3d 557, 564 (6th Cir. 2002) *cert. denied*, 121 S. Ct. 140 (2003)).

Petitioner has been released on bail while awaiting disposition of his case in the trial court. Respondent does not contest Petitioner's claim that he is "in custody." The Magistrate finds that Petitioner is in custody for purposes of seeking federal habeas review.

### HABEAS CORPUS STANDARD OF REVIEW

In determining whether to issue a habeas writ, the standards set forth in the AEDPA govern the district court's review of a state court decision. *French v. Jones,* 332 F.3d 430, 435-436 (6th Cir. 2003), *cert. denied,* 124 S. Ct. 581 (2003). The AEDPA only provides habeas relief for a state prisoner in certain circumstances. *Id.* An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* (*citing* 28 U.S.C. § 2254(d) (2001)).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

Respondent argues that the trial court's decision to deny the motion to dismiss the kidnaping count was not a decision that involved an unreasonable application of clearly established federal law; therefore, federal habeas review is not appropriate.

Petitioner argues that he is entitled to *de novo* review because the trial court, without either oral or written explanation, merely entered a judgment denying Madsen's motion to dismiss (*See,* Exhibit 50, Journal Entry, attached to Respondent's answer, p. 26). Petitioner contends that such an unexplained written ruling particularly in light of the three pleadings filed by Petitioner and an oral argument, prevents an 'unreasonable application' of federal law review (Docket No. 9, p. 3). Petitioner points to the failure of the Court, in its opinion, to identify what law the Court actually applied or its reasoning. Petitioner makes the following argument in his Traverse. "For example, it is noted that Petitioner's

5

motion to dismiss was brought pursuant to both federal and state constitutions, and presented several theories for granting relief. The Double Jeopardy Clause, contained in the Fifth Amendment to the United States Constitution, has been held to be applicable to the states by operation of the Fourteenth Amendment. *Benton v. Maryland*, 89 S. Ct. 2056 (1969). The Ohio Constitution contains a similar protection in Section 10, Article 1, which states, '***[n]o person shall be twice put in jeopardy for the same offense'" (Docket 9, p. 3, fn. 2).

Nevertheless, Petitioner argues that even under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the trial Court's ruling denying Petitioner's Motion to Dismiss his kidnaping count is an unreasonable application of clearly established law under 28 U. S. C. §2254(d)(1). The Magistrate finds that the Court does have jurisdiction to review the Petition based upon the issue of whether the challenged confinement is in violation of the Fifth Amendment of the United States Constitution.

## DISCUSSION

In his Writ, Petitioner seeks an order of the Court discharging him from his unconstitutional confinement and enjoining the State of Ohio from prosecuting him a second time for kidnaping. During the sentencing phase of the underlying trial, the charges of rape and kidnaping were merged for purposes of sentencing. The State of Ohio did not appeal the trial judge's imposition of a three-year sentence for kidnaping to run concurrent with each and every rape count. Petitioner has served at least three years. Petitioner will be subject to multiple punishment for the same offense if he is retried for kidnaping.

Respondent argues that although Petitioner was successful in vacating his conviction based on the ineffective assistance of counsel, the State of Ohio can prosecute him for kidnaping. He presents three grounds on which the prosecution can proceed. First, only the rape claims were dismissed; consequently, Petitioner is precluded from asserting a subsequent plea of double jeopardy to the

6

kidnaping charge. Second, because the charges of rape and kidnaping were merged, there is no way to discern of what Petitioner was convicted. Accordingly, principles of double jeopardy do not apply. Third, because Plaintiff was never acquitted of kidnaping, he can be re-prosecuted on that charge.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall be subject to the same offense to be twice put in jeopardy of life or limb. *Benton v. Maryland*, 89 S. Ct. 2056 (1969). The Double Jeopardy Claus does not merely bar a second conviction but it also protects a person from being twice put on trial for the same offense. *Delk, supra*, 665 F. 2d at 93 (*citing Abney v. United States,* 97 S. Ct. 2034, 2041 (1977)). This guarantee encompasses three separate protections. *Justices of Boston Municipal Court v. Lydon*, 104 S. Ct. 1805, 1812-1813 (1984). First, a criminal defendant may not be prosecuted a second time for the same offense after a conviction. *Id.* Second, a criminal defendant may not be reprosecuted for the same offense after an acquittal. *Id.* Third, a criminal defendant may not be given multiple punishments for the same offense. *Id.* The protection against multiple punishments prohibits the Government from "'punishing twice, or attempting a second time to punish criminally for the same offense.' " *United States v. Ursery*, 116 S. Ct. 2135, 2139-2140 (1996) (*citing Witte v. United States,* 115 S. Ct. 2199, 2204 (1995) (emphasis deleted), *quoting Helvering v. Mitchell,* 58 S. Ct. 630, 633 (1938)).

The bar to re-trial following acquittal or conviction ensures that the state does not "make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Palazzolo v. Gorcyca,* 244 F.3d 512, 516 (6th Cir. 2001) (*citing United States v. Scott,* 98 S. Ct. 2187, 2192 (1978) (*quoting Green v. United States,* 78 S. Ct. 221, 223-224 (1957)). This bar is not absolute as the general prohibition

against successive prosecutions does not prevent the government from re-trying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction. *Id.* (*citing Lockhart v. Nelson,* 109 S. Ct. 285, 286 (1988)).

The declaration to re-try Petitioner for kidnaping falls squarely within the third guarantee of the Double Jeopardy Clause--a criminal defendant may not be given multiple punishments for the same offense. The same questions presented in the first trial will be dispositive in both cases. There has already been a factual resolution of the issue of Plaintiff's guilt of kidnaping. Petitioner has served the sentence. A re-trial will result in a successive punishment for events arising from a single criminal transaction. The Double Jeopardy Claus bars a second trial for the same offense. Since the State of Ohio is precluded from trying Petitioner a second time for the same offense, the Magistrate does not address whether the State of Ohio is collaterally estopped from re-trying him for the kidnaping count.

## CONCLUSION

For these reasons, the Magistrate recommends that the Court: (1) grant the Writ, (2) issue a writ enjoining the State of Ohio from prosecuting Petitioner a second time for kidnaping, (3) issue a writ for Petitioner's immediate release and return of his bond and (4) terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: January 5, 2009

## NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

8

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.